## DETERMINED IN THE

# SECOND DEPARTMENT,

### AT

# GENERAL TERM.

## February, 1882.

---

ELBERT O. FARRAR, as Trustee, etc., under the Will of ABRAM W. JACKSON, Plaintiff, v. ALEXANDER McCUE, Defendant.

*Will — construction of — when the executors take no estate in the lands devised — when they cannot sell the same — Remainder — vesting and divesting of.*

A testator after making certain specific devises and bequests gave, devised and bequeathed all the rest and residue of his estate, both real and personal, after the payment of the legacies, to his three youngest children, naming them. He directed his executors to invest the said residue either in real estate or bonds and mortgages, and to keep it so invested and apply the interest thereof to the support, maintenance and education of the three children until they should, respectively, arrive at the age of twenty-one years, and then to pay to each child the interest of his third of the said residue. The will then provided: "It is my further will that the interest only and no part of the principal of said rest and residue of my estate shall be paid or distributed to my said children as long as any two of them shall survive, and that after the death of any two of my said children the principal and capital of said rest and residue of my estate shall be equally divided between the survivor and the heirs of the two deceased children, it being my intention hereby to devise and bequeath to each of my said three youngest children one equal third of the said rest and residue of my estate, and that upon the death of either one of them his or her heirs shall receive the share to which his or her ancestor was entitled." Power was given to the executors to sell real estate to carry out the purposes of the will.

*Held*, that the executors took no estate in the residuary estate devised to the children.

That after the executors had paid all the debts and legacies and passed their accounts before the surrogate a sale by them would not be upheld. As no estate is given to them a power of sale cannot be sustained as an incident to an estate.

That one of the three children holds an estate in fee in an equal undivided third of the residue; that the other two who shall die first each hold a like estate in fee, to be divested when it happens that they die, leaving a brother or sister living; that the share of the one so dying will go to his or her heirs.

That the children of either or all of the three youngest children of the testator hold vested remainders in fee liable to be divested, as to the children of the longest liver of the three, by the death of the other two children of the testator; that the children of the two first dying have, and will continue to have, a vested remainder in fee.

CONTROVERSY submitted upon an agreed statement of facts.

The defendant refused to complete a contract for the purchase of real estate, claiming that the plaintiff could not convey a good title thereto.

The plaintiff's testator left a will which, after making certain specific bequests and devises, proceeded as follows:

"*Sixth.* I give, devise and bequeath all the rest and residue of my estate both real and personal (after the payment of the above legacies) to my three youngest children, Abram W., Ida Amelia and Ernest, in fee. And it is my will, and I do hereby direct my executors to invest all the said rest and residue of my estate either in real estate or in bonds and mortgages, and to keep it so invested from time to time and apply the interest thereof to the support, maintenance and education of my said three children until they shall, respectively, arrive at the age of twenty-one years; and after they shall, respectively, arrive at the age of twenty-one years then it is my further will that my said executors do pay to each of them the interest of his or her respective one-third of said rest and residue, it being my intention to declare hereby that my executors shall pay the said interest to each of my said children as he or she shall arrive at the age of twenty-one years, and that before said time it shall be expended by said executors for the maintenance and education of said children as long as they remain, respectively, under the age of twenty-one years. It is my further will that the interest only and no part of the principal of said rest and residue of my estate shall be paid or distributed to my said children so long as any two of them shall survive, and that after the death of any two of my

said children the principal and capital of said rest and residue of my estate shall be equally divided between the survivor and the heirs of the two deceased children, it being my intention hereby to devise and bequeath to each of my said three youngest children one equal third of the said rest and residue of my estate, and that upon the death of each one of them his or her heirs shall receive the share to which his or her ancestor was entitled.

"And I do hereby authorize and empower my said executors to sell and convey my real estate for such prices as they shall deem proper, and in fee simple or any less estate, and to invest the proceeds from time to time in bonds and mortgages, or in other productive real estate, for the purpose of carrying out the intentions of this will."

After all the debts and legacies had been paid and discharged, and the accounts of the executor had been passed by the surrogate, an application was made to the court at a Special Term by the surviving executor and others for, and which resulted in, the appointment of the plaintiff as executor and trustee in the place and stead of the surviving executor, with the same powers as he would have had if he had been named in the will as executor by the testator.

*E. H. Benn,* for the plaintiff.

*A. McCue,* in person.

BARNARD, P. J.:

By the will of Abram W. Jackson, his executors took no estate in the lands in question. After making certain bequests of money to various persons named, and devising one piece of his real estate to Mrs. Sanford, the testator gave "all the rest and residue of my estate, both real and personal (after the payment of the above legacies), to my three youngest children, Abram W., Ida Amelia and Ernest, in fee."

The executors are directed to invest the rest and residue, and apply the interest to support these three children during their minority, and after they reach that age, each is to receive the interest of one-third. No part of the principal of the estate included in the rest and residue, is to be distributed to these three

children as long as any two of them shall survive. After two die the estate so bequeathed was given equally to the survivor and the heirs of the two deceased children, " it being my intention hereby to devise and bequeath to each of my said three youngest children one equal third of the rest and residue of my estate, and that upon the death of each one of them his or her heirs shall receive the share to which his or her ancestor was entitled."

The testator owned the lands at his death. The case does not show whether there are children of either of these three youngest children. The estate of the testator has been settled by his executors and all the legacies paid in full; power was given to the executors to sell real estate to carry out the purposes of the will. The power was not exercised as to the lands involved in this submission, and these lands entirely fall within the rest and residue clause and wholly belong to the donees under that clause. The will in terms gives an estate " in fee " to the children, which is subsequently reduced, but the words of the grant are entirely consistent with a legal estate, subject to a power of sale by " said executors." The estate having been fully settled by these executors, there is no further need of a sale, and as no estate is given to them, a sale will not be upheld as incident to the estate. The children are all over the age of twenty-one, and were so when the plaintiff was appointed. My conclusion is that there is no further trust in the lands. That the rights of the parties are as follows: One of the children holds a fee in an equal undivided third. The two children who die first, hold a like fee each, to be divested when it happens that they die leaving a brother or sister living. In such case the share of the one so dying will go to her or his heirs. If there are children living of either or all of these three youngest children of testator, they have now a vested remainder in fee liable to be divested as to the children of the longest liver by the death of the two others. As to the children who are or are to be of the others, there will be no divesting. They have now, and will continue to have, a vested remainder in fee. There is an appearance as if the facts in this case were concealed from the court which appointed plaintiff trustee. The order was granted upon the petition of the executor to the will. The three youngest children of testator joined in it. These petitions are not given in the submitted case. Mrs. Pells

also joined in the petition. She had no interest in these premises. The order recites that these four children of testator "are the only persons having an interest in said estate." If there were grand children, why was not the fact mentioned, so that the court could have asked security for them. Why was not the will produced so that the court could ask security for those who might be born subsequently? If we are right in our conclusions, that there is no estate to go to a trustee, the appointment can work no harm. If there are infants, will they be bound by the appointment of a trustee obtained in such a mode. It may be that such an appointment cannot be attacked collaterally, but the case is one where a court should not impose upon a purchaser the burdens and danger of such a risk.

There should be judgment for the defendant upon the submitted case, with costs.

GILBERT, J., concurred; DYKMAN, J., dissented.

Judgment for the defendant upon the submitted case, with costs.